82 So.2d 324

Haney B. CONNER

v.

Spencer B. LAKE et al.

No. 41550.

June 30, 1955.

Blanchard & Blanchard, Donaldsonville, for appellant.

Blum & Marchand, Donaldsonville, Dufour, St. Paul & Levy, New Orleans, for appellees.

FOURNET, Chief Justice.

The plaintiff, Haney B. Conner, is appealing from the judgment of the district court dismissing, on exceptions of no cause and no right of action, his suit to recover from the defendants in solido the sum of $4,023.33, with interest and costs, on a contract of employment. The sole question for our determination, therefore, is whether the petition does state a cause or a right of action, and, for the purpose of disposing of such exceptions, the allegations of the petition well founded in law must be considered as true.

The pertinent allegations of the petition, which were amended by court order under a plea of vagueness, are that on September 9, 1946, Haney B. Conner entered into a contract hereby he was employed as the executive vice-president of the Donaldsonville State Bank of Donaldsonville, Louisiana, then being formed, at a salary of

$5,000 a year, $3,600 of which was to be paid by the bank and the remaining $1,400 by ten named defendants,[1] who agreed to underwrite the difference since federal regulations controlling the formation of the bank prohibited the payment of a salary larger than $300 a month by a bank with the proposed capitalization of the Donaldsonville bank and these named defendants felt the success of the bank, in which they had investment interests, depended upon the employment of a better qualified executive, who could not be secured at the maximum salary permitted by the federal government. It is further alleged the plaintiff assumed his new duties under this contract on February 1, 1947, and continued to perform them until his discharge on December 31, 1951, during which time he received a total salary compensation of $20,560, although under his agreement and contract of employment he should have received the sum of $24,583.33,[2] and there is a prayer for judgment in solido against all of the named defendants, as well as against the Donaldsonville State Bank, for the difference of $4,023.33, with interest from judicial demand and all costs. Attached to the petition and made a part of it is (1) the letter of September 6, 1946, addressed to the plaintiff by Walter Lemann, attorney at law of Donaldsonville, in which the offer of employment is made to the plaintiff and the position of the named defendants in the transaction set out, and (2) the accompanying letter signed by the ten named defendants in which they confirm Lemann's proposal and statements and agree to carry out the obligations therein set out. The Lemann letter bears the acceptance of the plaintiff in writing, signed on the same date—September 6, 1946.

The appellees apparently concede there is no question of guaranty here involved, but they contend, first, the petition states no cause and no right of action since a contract is unenforceable unless supported by a valid consideration and there is "no allegation in the petition of plaintiff which shows any relationship of the defendants to the Donaldsonville State Bank, nor is there any allegation of benefit to the de-

---

1. Joseph T. Wilbert, Joseph Mistretta, Allen T. Gonzales, Harvey J. Truxillo, Sidney Harp, Spencer B. Lake, J. P. LeBlanc, Henry A. Folse, Walter Lemann, and F. Harold Marchand. The last named three have since died and their surviving widow and heirs, who are alleged to have accepted their successions unconditionally, are joined as parties defendant.

2. This is calculated at the rate of $4,583.33 for the first year (since the plaintiff only began work on February 1, 1947) and $5,000 for each of the remaining years. It is also alleged that during the first year seven of the named defendants contributed $100 each, since which time he has never received any contribution from any of them. From the bank in 1947 he received $3,300 which, together with this $700 made a total of $4,000, leaving a balance due for 1947 of $583.33, and a balance due for 1948 of $1,400, since the bank paid his salary of $3,600 as understood by the agreement, and did, during 1949, 1950, and 1951, pay him $4,320 a year, which overamount he credits against the amounts agreed to be paid him by the remaining defendants.

fendants which could be taken as valid consideration for the contract of employment."

Counsel are in error. In the first place, "An agreement is not the less valid, though the cause be not expressed." Article 1894 of the LSA–Civil Code. Consequently, a litigant, relying on a contract, need not, to state a cause and a right of action, allege it was given for a valid consideration. The law presumes there is sufficient and valid consideration until that question is placed at issue under the pleadings and is established by competent proof on trial on the merits. See, Pack v. Chapman, 16 La.Ann. 366; Read v. Hewitt, 120 La. 288, 45 So. 143; Tremont Lumber Co. v. Powers & Critchett Lumber Co., 173 La. 937, 139 So. 12; Smith v. Southern Kraft Corporation, 202 La. 1019, 13 So.2d 335, and the authorities therein cited. Furthermore, the allegations are that an offer of employment was made to the plaintiff which he accepted and executed, and, in the letter in which this offer is contained, these named defendants declare they have a personal interest in the success of the bank by reason of their investment in its stock.

The appellees next contend that inasmuch as the contract discloses there was "no term fixed for the duration of the agreement, nor * * * any allegations that the Bank was required to pay the plaintiff $5000.00 at some future date," the contract was invalid for want of "common intent," since no one could seriously

contend the defendants were thereby agreeing to bind themselves to pay this difference in salary for the rest of plaintiff's life. Counsel cites no authority in support of this contention, and we know of none holding a contract invalid because no fixed term is provided, or because some other party has not agreed to assume the obligations of the contract at some future date. The contractual offer here made is a continuing one, and, in so far as it has been performed by the plaintiff for the period covered in this suit, as set out in the petition, is sufficient to state a cause and a right of action for the amount claimed to be due by reason of that performance.

The fact that the plaintiff seeks recovery against the defendants in solido, even though the contract sued on contains no express stipulation with respect to such liability as required by Article 2093 of the LSA–Civil Code, does not render the petition vulnerable to attack under exceptions of no cause and no right of action, but is, rather, a matter to be taken into consideration in the rendition of judgment on the merits.

It is obvious under the allegations of the petition, however, that the Donaldsonville State Bank has discharged any and all obligations assumed by it arising under the contract sued on, and inasmuch as there is no solidary obligation between the bank and the remainder of the defendants the suit, as to the bank, will have to be dismissed.

For the reasons assigned, the judgment of the lower court in so far as it dismisses the plaintiff's suit against the Donaldsonville State Bank is affirmed. In all other respects the judgment is annulled and set aside; the exceptions of no cause and no right of action are overruled; and the case is now ordered remanded to the lower court for further proceedings consistent with the views herein expressed. The appellees are to pay the cost of the appeal in this court: all other costs are to await the final disposition of the case.