172 So.2d 304 (1965)
Mitchell BOLDEN et al.
v.
Ophelia B. BRAZILE et al.
No. 1215.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1965.
On Denial of Rehearing March 8, 1965.
*306 Simon, Wicker & Wiedemann, Lawrence D. Wiedemann, New Orleans, for plaintiffs-appellants.
Milling, Saal, Saunders, Benson & Woodward, William J. Conrad and David J. Conroy, New Orleans, for defendants-appellees.
Before SAMUEL, CHASEZ, and BARNETTE, JJ.
SAMUEL, Judge.
This is a suit by which plaintiffs seek: to be declared owners of certain immovable property in the Parish of St. Charles; an accounting of oil, gas and other minerals removed from the property by the defendants; a money judgment in the amount of the value of the oil, gas and other minerals so removed; and other damages. Named defendants are The Texas Company, a foreign corporation now styled Texaco, Inc. (hereinafter referred to as Texaco), and twelve individuals. The petition alleges, in part, that the individual defendants claim to be the owners of the property and, as owners, have entered into certain contracts with the corporate defendant, one of which contracts is a purchase agreement (the record now reveals a lessor-lessee relationship between the corporate and the individual defendants) pursuant to which oil having a value of $1,214,610 has been produced from the property.
On motion of Texaco the suit was dismissed by the trial court as to all defendants on the ground of abandonment. Plaintiffs *307 have appealed from that judgment and Texaco has answered the appeal praying that the judgment be affirmed and alternatively asserting exceptions filed by Texaco in the state trial court. On our first hearing of the appeal (159 So.2d 383) we remanded and ordered the clerk of the trial court to correct the record of appeal by inserting therein all proceedings and pleadings, or certified copies thereof, taken or filed in the case while it pended in the United States District Court for the Eastern District of Louisiana. Our order has been complied with and counsel have reargued and resubmitted the matter for our adjudication.
The suit was filed on August 18, 1950. Texaco was duly served through the Secretary of State on August 23, 1950. Citation has never been served on any of the other defendants, the individuals, and none of them has made an appearance herein. The Sheriff of the Parish of St. Charles made an unsuccessful attempt to effect service on the twelve individual defendants and then filed the citations in the record on August 28, 1950. None of those citations contains the address of the individual defendant to whom it is directed. Notations on the backs of the citations state that seven of the defendants could not be located, three lived in New Orleans, one lived in Houston and one was deceased. Plaintiffs made no further attempt to effect service, substituted or otherwise, on the twelve individual defendants and have taken no further action of any kind in connection therewith.
On September 19, 1950 Texaco filed a petition for removal to the United States District Court for the Eastern District of Louisiana and on January 24, 1951 that court ordered the action removed only as to Texaco and remanded the same as to all other defendants. On December 7, 1950 plaintiffs filed a supplemental petition in the state court. While the matter was pending before the federal court, Texaco filed a motion to dismiss and an answer to the original and supplemental petitions, which answer was coupled with two special defenses under the federal practice. On September 24, 1954 the federal court denied the motion to dismiss, held that it, the federal court, was without jurisdiction, and on that ground remanded the case to the state court.
All subsequent pleadings and proceedings were in the state court. On January 21, 1958 plaintiffs filed a motion for production of certain documents by Texaco. On September 21, 1959, and again on August 31, 1962, plaintiffs filed motions to fix exceptions for trial and obtained orders fixing trial dates respectively on October 19, 1959 and October 10, 1962. The record does not reveal what happened on these trial dates; apparently the trials were continued and in any event there was no hearing on the exceptions.
On October 1, 1962 Texaco filed: (1) a motion to dismiss the action predicated on the alleged lack of prosecution or defense thereof for a period of five years; and (2) exceptions of nonjoinder of necessary parties, nonjoinder of indispensable parties, and no right or cause of action. As aforesaid, the trial court rendered judgment in favor of mover on the motion to dismiss; it did not consider the exceptions, such consideration being unnecessary in view of the dismissal.
The applicable law on dismissal of an action for abandonment is found in LSA-Civil Code Article 3519 and LSA-Code of Civil Procedure Article 561. The former was amended by Act 615 of 1954 only to the extent of adding a provision relative to abandonment of appeals, which has no application here, and again by Act 30 of 1960 (the present Code of Civil Procedure), effective January 1, 1961, to delete from the article all procedural rules. Those rules were incorporated in the Code of Civil Procedure. Therefore if the five year prescriptive period of abandonment involved in the instant suit did run between the filing of the suit in 1950 and January 1, 1961, LSA-Civil Code Article 3519 is the governing" *308 statute. The pertinent portion of LSA-Civil Code Article 3519 read as follows:
"If the plaintiff in this case [interruption of prescription under Art. 3518], after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same." LSA-C.C. Art. 3519.
The pertinent portion of LSA-Code of Civil Procedure Article 561 reads as follows:
"An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment." LSA-C.C.P. Art. 561.
Insofar as it dismisses this action as to the twelve individual defendants we are of the opinion that the judgment appealed from is correct. Plaintiffs have failed to take any step of any kind in the prosecution of their action against those defendants for a period in excess of five years prior to July 1, 1961, the effective date of LSA-Code of Civil Procedure Article 561 and, although the action would be abandoned as to the individual defendants under either article, the five year prescriptive period having run prior to the effective date of the Code of Civil Procedure it was abandoned under LSA-Civil Code Article 3519. Under that Civil Code article an action must have been prosecuted against all defendants within the five year period or it was abandoned as to those defendants against whom no step in the prosecution had been taken for the prescribed time. Tucker v. New Orleans Laundries, Inc., La.App., 145 So.2d 365.
Plaintiffs argue that the action should not be dismissed as to the individual defendants for two reasons: (1) Texaco had no right to file the motion to dismiss on behalf of those defendants, especially in view of the fact that a plea of prescription is an affirmative defense; and (2) all of the defendants were sued in solido, they are in fact indebted to plaintiffs in solido, and because prescription is interrupted as to all debtors in solido by action against one of the debtors, the prosecutive steps taken by plaintiffs against Texaco interrupted the running of prescription against the other defendants. Neither argument is valid.
The answer to the first is that the motion was filed after the effective date of the Code of Civil Procedure and under the specific provisions of Article 561 of that Code, quoted above, the trial court shall enter a formal order of dismissal on ex parte motion of any party or other interested person. Texaco certainly comes within the meaning of "other interested person" and the prescriptive period of five years having lapsed prior to the filing of Texaco's motion to dismiss, under LSA-Civil Code Article 3519 the abandonment, being automatic, was an accomplished fact simply recognized by the trial court judgment. See Evans v. Hammer, 209 La. 442, 24 So.2d 814; "The Abandonment of a SuitIts Effect on Prescription", 22 Tul.L.Rev. 504, 510.
The second argument is not sound for the reason that Texaco and the individual defendants are not solidary obligors as to plaintiffs. While the supplemental petition does pray for judgment against the defendants in solido, this is the only reference to a solidary obligation contained in either petition. The original petition alleges the defendants have produced 404,870 *309 barrels of oil and appropriated the same "for their own joint benefit and use" and further alleges that they, plaintiffs, have been damaged to the extent of the oil so removed "for which damages petitioners are entitled to recover from defendants in an amount from each which an accounting shall reveal has been received by each." Neither petition alleges facts upon which a solidary obligation could be based and, even in brief and in argument, plaintiffs do not state on what possible basis the defendants could be considered as solidary obligors. Under LSA-Civil Code Article 2093 an obligation in solido is not presumed; it must be expressly stipulated or take place of right by virtue of some provision of the law. Here there is no such stipulation; nor have plaintiffs called to our attention any provision of law which would make Texaco and the individual defendants solidary obligors as to the plaintiffs and we know of none.
The judgment appealed from does not dismiss as of the date of the abandonment as required by LSA-Code of Civil Procedure Article 561 and there is insufficient evidence in the record for us to make a determination of that exact date. However, the question is of no importance at this time and may be determined later when and if such a determination becomes necessary. We therefore prefer simply to affirm the judgment of dismissal as to the twelve individual defendants.
We are of the opinion that as to the corporate defendant, Texaco, the judgment of dismissal on the ground of abandonment is incorrect for the reason that the required five year period was interrupted on September 21, 1959 and again on August 31, 1962 by the filing on those dates of plaintiff motions to fix exceptions for trial. The time during which this action conceivably could have been abandoned as to Texaco is the period from September 24, 1954, when the federal court remanded for lack of jurisdiction, and October 1, 1962, when Texaco filed its motion to dismiss for abandonment.
To constitute a "step" in the prosecution of a suit, so as to interrupt the running of the five year period resulting in abandonment, the action taken must be a formal move before the court towards the progress of the suit in court and intended to hasten judgment. Sliman v. Araguel, 196 La. 859, 200 So. 280; Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213; Sanders v. Luke, La.App., 92 So.2d 156; see "The Abandonment of a SuitIts Effect on Prescription". supra; "What Constitutes Abandonment of Suit", 3 La.L.Rev. 835. A motion to place a case on the summary call docket of the court (Jones v. American Bank & Trust Co., 175 La. 160, 143 So. 35) and a motion to advance an appealed cause to the preference docket (Barbari v. Firemen's Insurance Company, La.App., 96 So. 2d 252) have been held to constitute steps in the prosecution of the suit sufficient to preclude dismissal for abandonment. It is quite clear that the usual motion to fix exceptions for trial, a formal move before the court and a necessary step in the prosecution of the suit, does interrupt the running of the five year period.
Counsel for Texaco argue that the motions to fix for trial in the instant case cannot produce such a result because the motions were meaningless, i. e., at the time they were filed there were no exceptions to be fixed for trial. The contention is not well founded.
It is true that at the time of the filing of the motions no exceptions had been filed by Texaco in the state court; Texaco filed exceptions in that court for the first time on October 1, 1962. But while the matter was pending in the federal court and prior to the filing of the motions to fix exceptions for trial, Texaco filed in the federal court an answer to the original and supplemental petitions to which answer were coupled two special defenses *310 under the federal practice. The first defense sought a dismissal of the suit on the ground that the complaint failed to state any claim against Texaco upon which relief could be granted and therefore appears to be equivalent, in substance to our exception of no cause of action. The second defense was directed against only one of the plaintiffs. It sought dismissal as to that plaintiff on the alleged ground that he had sold his interest in the property involved and therefore was without interest to prosecute the suit. Thus the second defense also appears to be equivalent to an exception in our practice.
Where a remand to the state court is based on want of jurisdiction on the part of the federal court, it is for the state court to determine what effect shall be given to pleadings filed in the federal court while the case was pending in the latter tribunal. Ayres v. Wiswall, 112 U.S. 187, 5 S.Ct. 90, 28 L.Ed. 693; Broadway Ins. Co. v. Chicago G. W. Ry. Co., C. C., 101 F. 507; Trinity Universal Ins. Co. v. Robinson, 227 Ark. 482, 299 S.W.2d 833; Tracy Loan & Trust Co. v. Mutual Life Ins. Co., 79 Utah 33, 7 P.2d 279; Citizens' Light, Power & Tel. Co. v. Usnik, 26 N.M. 494, 194 P. 862; 76 C.J.S. Removal of Causes § 313.
No Louisiana law or jurisprudence, determinative of what effect the trial court in the instant case would give to the first and second defenses filed by Texaco in the federal court, has been called to our attention and we know of none. In the orderly progress of their case plaintiffs had to dispose of those pleadings, by a trial court decision which either maintained or overruled them as exceptions or held they were without effect in the state court, and fixing the same for trial was one way of doing so. Therefore, we are of the opinion that filing motions to fix exceptions for trial were actions taken by plaintiffs towards the progress of the suit which tended to hasten judgment.
The action now taken in dismissing the suit on the ground of abandonment as to all the individual defendants results in a nonjoinder of indispensable parties, a fact which we may notice of our own motion under LSA-C.C.P. Art. 927. The individual defendants, who are alleged by plaintiffs' petition to be asserting ownership of the immovable property herein involved and who in fact have leased the property to Texaco, the only remaining defendant, are indispensable parties to plaintiffs' action asserting adverse ownership of that property. LSA-C.C.P. Art. 641; Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65; Jamison v. Superior Oil Co., 220 La. 923, 57 So.2d 896. In view of our conclusion that there is now an absence of indispensable parties it is unnecessary to decide, and improper to consider, the exceptions of no right or cause of action. See Doucet v. Fontenot, 165 La. 458, 115 So. 655.
Plaintiffs contend that, should this court conclude, as we now have, that their action is objectionable for nonjoinder of indispensable parties, they should be given an opportunity to remove the objection by amendment under the provisions of LSA-Code of Civil Procedure Article 934. We cannot agree with the contention. That article reads:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." LSA-C.C.P. Art. 934.
The first portion of the article is not applicable because here the grounds of the objection cannot be removed by an amendment; the individual defendants have been dismissed and plaintiffs cannot join them again in the instant suit. The latter portion of Article 934 is applicable. Because the grounds of the objection cannot *311 be removed, the present action must be dismissed.
For the reasons assigned, that part of the judgment appealed from which dismisses the suit as to the defendant, Texaco, Inc. (or The Texas Company), on the ground of abandonment is reversed and the judgment is amended so as to dismiss plaintiffs' suit as to that defendant on the ground of nonjoinder of indispensable parties. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs in this court to be paid by defendant-appellee, Texaco, Inc.
Reversed in part; amended and affirmed in part.

On Application for Rehearing
PER CURIAM.
Plaintiffs have filed an application for rehearing in which they contend, for the first time, that the question of solidarity of obligation among the various defendants cannot be considered under exceptions of no right or cause of action. They rely on the case of Conner v. Lake, 228 La. 385, 82 So.2d 324.
That case involved an appeal by the plaintiff from a judgment maintaining exceptions of no right or cause of action and dismissing the suit, which was based on a contract of employment, for an in solido money judgment against the eleven named defendants. The petition alleged plaintiff had entered into the contract whereby he was employed as an officer of the defendant bank at a salary of $5,000 per year, $3,600 of which was to be paid by the bank; the remaining $1,400 was to be paid by the ten individual defendants. The Supreme Court affirmed insofar as the judgment dismissed the suit against the bank and annulled and set aside that portion of the judgment which dismissed the suit against the other defendants. Even though the contract sued on did not contain an express stipulation with respect to an in solido liability, the court said that fact did not render the petition vulnerable to attack under the exceptions but was a matter "to be taken into consideration in the rendition of judgment on the merits." However, the court held that under the petition's allegations the bank had discharged its contractual obligations and "inasmuch as there is no solidary obligation between the bank and the remainder of the defendants the suit, as to the bank, will have to be dismissed."
We find that, contrary to plaintiffs' argument, Conner not only does not prohibit us from considering the pertinent solidarity of obligation under the exceptions in the instant case, but instead, it permits us to do so.
As we understand the cited case, when the court said solidarity of obligation was a question for the merits and could not be considered under the exceptions it was talking only about a solidarity of obligation as among the ten individual defendants. Under the exceptions the court actually found there was no solidary obligation between the bank and the ten individual defendants and this is what we have done in the instant case. Here Texaco and the twelve individual defendants occupy a position similar to that occupied by the bank and the ten individual defendants in Conner. And here, under the same exceptions, as a result of the fact that neither of plaintiffs' two petitions contains an allegation under which a solidary obligation between Texaco and the twelve individual defendants could exist, we hold interruption of prescription as to Texaco does not constitute an interruption as to the other defendants.
Rehearing refused.