456 So.2d 145 (1984)
DELTA DEVELOPMENT COMPANY, INC.
v.
George B. JURGENS, III, et al.
No. 84-C-0515.
Supreme Court of Louisiana.
September 10, 1984.
Raymond J. Salassi, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for plaintiff-applicant.
George B. Jurgens, III, Frank A. Tessier, Clave E. Gill, III, New Orleans, for defendant-respondent.
WATSON, Justice.
This suit by Delta Development Company, Inc., to reform certain real estate deeds was dismissed as to all but one defendant on the basis of abandonment. LSA-C.C.P. art. 561.[1] The court of appeal affirmed,[2] and a writ was granted.[3]
The issue is whether serving interrogatories on one defendant interrupted the five year prescriptive period for abandonment as to his co-defendants.

FACTS
On May 31, 1960, Delta sued the heirs of George B. Jurgens[4] and Poydras Realty Company to reform various acts of sale in a chain of title originating with lands patented by the State of Louisiana to George Jurgens.[5] On December 11, 1961, defendants filed an exception of prescription which was overruled on September 10, 1973. In the interim, defendants deposed Delta's president, Robert J. Chauvin, and propounded interrogatories to Delta. On *146 September 2, 1975, Delta entered a preliminary default and on August 25, 1980, the plaintiff company propounded interrogatories to W. John Tessier, a defendant. On January 5, 1982, a rule to dismiss the suit was filed on behalf of the other defendants and the trial court dismissed the suit as to all defendants but William John Tessier on March 3, 1983.

LAW
Under LSA-C.C.P. art. 561, a "step" in the prosecution or defense of the lawsuit, consisting of a formal action on the record, was required in the trial court within five years of the last "step" by either party. Melancon v. Continental Casualty Company, 307 So.2d 308 (La., 1975). Filing of answers to interrogatories constitutes a step in the prosecution of a lawsuit. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La., 1983). Defendants conceded that the interrogatories which were filed constituted a step in the proceedings as to W. John Tessier.[6] The court of appeal found no interruption of the five year period as to the other defendants because the interrogatories were directed only to Tessier and the defendants were not solidary obligors.

CONCLUSION
LSA-C.C.P. art. 561 does not make the distinctions drawn by the court of appeal. When any party to a lawsuit takes formal action in the trial court, it is effective as to all parties. Melancon v. Continental Casualty Company, supra. The five year period of inaction which constitutes an abandonment was interrupted as to all the defendants by the interrogatories propounded to W. John Tessier.
For the foregoing reasons, the judgment of the court of appeal is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] At the time the trial court acted, on March 3, 1983, LSA-C.C.P. art. 561 provided in pertinent part:

"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.'
[2] Delta Development Co., Inc. v. Jurgens, 446 So.2d 783 (La.App. 4 Cir.1984).
[3] 447 So.2d 1075 (La., 1984).
[4] Named were William W.A. Boden; George E.J. Boden; W. John Tessier; Nell E.L. Boden, wife of Henry C. Rudy; George B. Jurgens, III; Charles J. Tessier; George D. Tessier; Marie Louise Tessier, wife of Clave E. Gill; and Meridith Brock Bishop, widow of Robert A. Tessier.
[5] All defendants were served except George E.J. Boden.
[6] 446 So.2d 784, Footnote 2.