576 So.2d 638 (1991)
Michael SPROWL, Individually and as Administrator of the Estates of the Minor Children, Brandon Che Sprowl and Tiffany Dawn Johnson
v.
Zachary WOHL, M.D., Carl J. Pope, M.D., Touro Infirmary, St. Paul Mercury Insurance Company, Hartford Insurance Group and ABC Insurance Company.
No. 90-CA-1225.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1991.
Rehearing Denied April 10, 1991.
Writ Denied May 31, 1991.
Thomas Keasler Foutz, Gauthier & Murphy, Metairie, for plaintiff/appellant.
Harold A. Thomas, Thomas, Hayes and Beahm, New Orleans, for appellee Carl J. Pope, M.D.
Before CIACCIO, LOBRANO and WARD, JJ.
LOBRANO, Judge.
The issue for our review in this appeal is whether an exception of lack of procedural capacity filed by one co-defendant within five years of the filing of suit interrupts the five year abandonment prescriptive period as to another non-served co-defendant.
Michael Sprowl, plaintiff, individually and on behalf of his minor children, sued Touro Infirmary, Dr. Zachary Wohl and Dr. Carl Pope for medical malpractice. That suit was filed on December 19, 1979. On August 23, 1982 Touro was voluntarily dismissed. On December 19, 1984 Dr. Wohl filed an exception of lack of procedural capacity. On December 6, 1989 plaintiff filed an amended petition. Dr. Pope was served with the amended petition on January 4, 1990, but was never served with the original petition.
Pursuant to Code of Civil Procedure Article 561, Dr. Pope moved to dismiss the action as to him on the grounds that more than five years had elapsed without formal steps in its prosecution or defense having been taken.
The trial court granted the motion and dismissed plaintiff's suit as to Dr. Pope, with prejudice. Plaintiffs perfect this appeal. We reverse.
Code of Civil Procedure Article 561 provides, in pertinent part: "An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years ...."
Dr. Pope argues that this Court's decision in Bolden v. Brazile, 172 So.2d 304 *639 (La. 4th Cir.1965) and the cases of Murphy v. Hurdle Planting and Livestock, Inc. 331 So.2d 566 (La.App. 1st Cir.1976), writ refused, 334 So.2d 434 and Wicker v. Coca-Cola Bottling Co., 418 So.2d 1378 (La.App. 5th Cir.1982), writ denied, 423 So.2d 1148 (1982) support his argument that, because he was never served, the actions of his co-defendant do not interrupt the five year prescriptive period. We disagree.
In Bolden, supra, this court held that action taken by the plaintiff against one defendant, i.e. Texaco, did not serve to interrupt the five year prescriptive period as to twelve other unserved defendants. The rationale of that decision did not rest on the premise that the twelve defendants had not been served, but that no action had been taken as to them within five years. As we noted in Landry v. Thomas, 422 So.2d 513, 514, (La.App. 4th Cir.1982), writ denied, 429 So.2d 143 (1983).
"Bolden and McClure[1] merely stand for the proposition that when more than five years pass between one formal step in the prosecution and the next, the case shall be considered abandoned. In neither case was the failure to effect service the dispositive element; that fact was purely incidental to the plaintiff's failure to file any formal action whatsoever (against the abandoned defendants)." (footnote added)
The Landry decision makes clear that the holding in Bolden does not mean that any steps taken in furtherance of the case are ineffective as to non-served defendants. Id. at 514.
Since the Bolden and Landry decisions, our Supreme Court has decided Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984) which effectively has overruled the premise that action taken against one defendant does not interrupt the five year period as to other defendants. In that case the plaintiff propounded interrogatories to one defendant within the five year period. After the expiration of five years, the other defendants sought dismissal on abandonment grounds. The court held that "[w]hen any party to a lawsuit takes formal action in the trial court it is effective as to all parties." Id. at 146. Thus, it is clear that the action taken need not be directed against all of the defendants.
After review of the cited jurisprudence we are satisfied that action taken with respect to one defendant interrupts the five year period as to all defendants, and that that rule of law, at least in this circuit,[2] does not make a distinction between served or unserved defendants.[3]
We therefore hold that Dr. Wohl's exception was a step in the defense of the case which interrupted the five-year prescription period as to Dr. Pope. The trial court's ruling is reversed, and the matter remanded.
REVERSED AND REMANDED.
NOTES
[1] McClure v. A. Wilbert's Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1st Cir.1970).
[2] We recognize the contrary ruling by our brethren of the First Circuit in Murphy v. Hurdle Planting and Livestock, supra. However, as we noted in Landry, we believe our brethren misconstrued the Bolden decision.
[3] The very recent Supreme Court case of Bissett v. Allstate Insurance Company, 567 So.2d 598 (La.1990) appears to support this holding. There the Supreme Court held that the deposition of an unserved defendant was sufficient to interrupt the five year prescriptive period.