756 So.2d 1257 (2000)
Johnnie M. WILKES, et al., Plaintiff-Appellant,
v.
Dr. E. Linus CARROLL, et al., Defendant-Appellee.
No. 32,752-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
Writ Denied June 23, 2000.
*1258 Bruscato, Tramontana & Wolleson by J. Antonio Tramontana, Monroe, Counsel for Appellants.
Theus, Grisham, Davis & Leigh by Sharon I. Marchman, Monroe, Counsel for Appellees, Dr. E. Linus Carroll and Louisiana Medical Mutual Insurance Company.
Crawford & Anzelmo by Donald J. Anzelmo, Monroe, Counsel for Appellee, Dr. Wildo D. Colon.
Watson, Blanche, Wilson & Posner by P. Scott Jolly, Baton Rouge, Counsel for Appellee, Caldwell Memorial Hospital.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
In this medical malpractice action, the plaintiffs, Johnnie M. Wilkes, Billy Joe Wilkes, Jr. and Shirley Wilkes Johnson, appeal the trial court's judgment dismissing their lawsuit against the defendant, Dr. E. Linus Carroll, and his insurer, Louisiana Medical Mutual Insurance Company. The trial court found that the plaintiffs' lawsuit had been abandoned. For the following reasons, we reverse the trial court's ruling and remand the case for further proceedings.

FACTS
On February 22, 1984, Billy Joe Wilkes, Sr. died at St. Francis Medical Center in Monroe, Louisiana of a pulmonary hemorrhage, a consequence of having contracted lung cancer. On January 10, 1985, Mr. Wilkes' widow, Johnnie Wilkes, and his children, Billy Joe Wilkes, Jr. and Shirley Wilkes Johnson, requested a medical review panel from the Patient's Compensation Fund ("PCF") to determine whether the defendant, Dr. E. Linus Carroll, had properly and timely diagnosed the cancer and treated Mr. Wilkes. The PCF proceeding was designated No. 85-020. On January 11, 1985, the plaintiffs filed a medical malpractice lawsuit in the 37th Judicial District Court in Columbia, Louisiana against Dr. Carroll and his insurer. This lawsuit was designated No. 14,796.
On April 22, 1987, the medical review panel unanimously decided that Dr. Carroll had not breached the applicable standard of care in treating Mr. Wilkes. In 1988, the plaintiffs filed an amended petition and thereafter, the parties conducted discovery.
On November 23, 1992, the plaintiffs amended their original complaint to the PCF to include Dr. Wildo D. Colon and Management Consultants, Inc., d/b/a Caldwell Memorial Hospital ("Caldwell Hospital"). Although the amended complaint does not allege that Dr. Colon and Caldwell Hospital are solidarily liable with Dr. Carroll, it does allege that Dr. Colon and *1259 Caldwell Hospital were negligent in failing to take and interpret a chest x-ray of Mr. Wilkes that had been ordered by Dr. Carroll. The amended complaint, designated No. 95-1620, was not contemporaneously filed into the record of the lawsuit designated No. 14,796, which was pending in district court. However, at the time the plaintiffs filed the amended complaint, they requested that Dr. Carroll be notified as a defendant.
On June 9, 1993, Dr. Carroll and his insurer filed a motion to fix the lawsuit designated No. 14,796 for trial. The trial court fixed a pretrial conference for August 3, 1993. However, on August 5, 1993, both parties filed a joint motion to upset the pretrial conference asserting that the matter was premature because plaintiffs had attempted to amend the panel proceedings to add additional defendants. The trial court signed an order continuing the conference indefinitely.
On January 5, 1996, Caldwell Hospital received notice of the complaint filed against it. Thereafter, on January 23, 1996, Caldwell Hospital filed a pleading in the 37th Judicial District Court requesting that the court assign a docket number to the plaintiffs' complaint so that Caldwell Hospital could file exceptions and seek discovery. The clerk of the district court did not file this pleading in the pending lawsuit against Dr. Carroll and his insurer, i.e., No. 14,796. Instead, the clerk created a new and separate record designated as No. 19,908. However, just as with No. 14,796, this new record was captioned Johnnie M. Wilkes, et al v. Dr. E. Linus Carroll, et al. On May 30, 1996, Caldwell Hospital filed an exception of prescription, which the trial court granted. On appeal, this court reversed the trial court's ruling on the exception. Wilkes v. Carroll, 30,066 (La.App.2d Cir.12/10/97), 704 So.2d 938.
On August 20, 1998, Dr. Carroll and his insurer filed a motion to dismiss No. 14,796 as abandoned. Unlike the record in No. 19,908, the record in No. 14,796 reveals that there were no pleadings filed between August 5, 1993, when the motion to upset the pre-trial conference was filed, and August 20, 1998, when defendants filed the motion to dismiss. The clerk of the district court certified that no steps had been taken in the prosecution of the action for five years. Based on LSA-C.C.P. art. 561, the trial court signed a judgment granting the motion to dismiss the lawsuit as abandoned. The plaintiffs filed a motion to vacate and set aside the dismissal, which the trial court denied. The plaintiffs appeal.

DISCUSSION
The plaintiffs contend the trial court erred in granting the defendant's motion to dismiss their case on the ground of abandonment. The plaintiffs argue that, during the time that the case was deemed abandoned, they were actively arguing and defending the same cause of action against solidary obligors, Dr. Colon and Caldwell Hospital. The plaintiffs also argue that, pursuant to LSA-R.S. 40:1299.47, a civil action against Dr. Colon and Caldwell Hospital could not be filed prior to a review of the allegations against them by a medical review panel and, consequently, the civil action pending against Dr. Carroll could not be amended to add Dr. Colon and Caldwell Hospital. The plaintiffs contend that they were compelled to pursue the action against Dr. Colon and Caldwell Hospital in a separate proceeding. Pursuant to LSA-C.C.P. art. 561, an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.[1] Article 561(b) provides that "any formal discovery as authorized by the Code of Civil Procedure and served on all parties whether or not filed of record, *1260 including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action."
Article 561 is to be liberally construed and any action or step taken to hasten the matter to judgment should be considered. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975). The provision was not intended to dismiss those cases in which the plaintiff clearly demonstrates before the court, within the prescribed time period, that he does not intend to abandon the action. The law favors maintaining an action whenever possible so that the aggrieved party has his day in court. Family Federal Savings and Loan Association of Shreveport v. Huckaby, 30,481 (La.App.2d Cir.5/13/98), 714 So.2d 80.
In deciding whether an action against multiple parties is abandoned, when any party to a lawsuit takes formal action in the trial court, it is effective as to all parties. Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984).
The motion filed on June 9, 1993 by Dr. Carroll and his insurer to fix the case for trial is considered a "step in the prosecution or defense" because it was filed in an effort to hasten the matter to judgment. Consequently, June 9, 1993 is the date to began calculating the period of inactivity for establishing abandonment.
We conclude that the separation of the lawsuit into two separate records was an administrative act insufficient to destroy the plaintiffs' essentially singular action against the allegedly solidary tortfeasors. All of the pleadings were filed in the same district court in records with the same caption. Although we do not consider the defendants' assent to the joint motion to upset the pre-trial conference to be a waiver of abandonment, we observe that the document reflects the defendants' understanding that the plaintiffs were actively pursuing their lawsuit by adding additional defendants and provoking a medical review panel to investigate Mr. Wilkes' medical care. Therefore, we must consider whether any of the steps taken in the suit designated No. 19,908 may be considered as "steps" in the prosecution or defense of the suit designated No. 14,796.
A motion that grants to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but does not itself hasten the matter to judgment, is not a "step" pursuant to Article 561. Therefore, Caldwell Hospital's petition on January 23, 1996, to assign a docket number in the suit designated No. 19,908 is not a step designed to hasten the matter to judgment. However, we consider Caldwell Hospital's exception of prescription filed on May 30, 1996 in the suit designated No. 19,908 to be a critical and active "step" in the prosecution or defense of the suit designated No. 14,796. This pleading was filed well within the time period. Therefore, we conclude that the trial court erred in dismissing the plaintiffs' case as abandoned under LSA-C.C.P. art. 561.

CONCLUSION
For the foregoing reasons, the trial court's judgment dismissing the plaintiffs' case is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to the defendants, Dr. E. Linus Carroll and Louisiana Medical Mutual Insurance Company.
REVERSED AND REMANDED.
NOTES
[1] LSA-C.C.P. art. 561 was amended by Section 2 of Acts 1997, No. 1221, to reduce the abandonment period from five years to three years.