786 So.2d 264 (2001)
Nora E. BRIDGES, et al, Plaintiffs-Appellants,
v.
Thomas D. WILCOXON, Sr., et al, Defendants-Appellees.
No. 34,660-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*265 Degravelles, Palmintier, Holthaus & Fruge', L.L.P. by Michael C. Palmintier, Baton Rouge, Counsel for Plaintiffs-Appellants.
Hayes, Harkey, Smith & Cascio, L.L.P. by Charles S. Smith, Minden, Counsel for Defendant-Appellee State Farm Mutual Automobile Insurance Co.
Cotton, Bolton, Hoychick & Doughty, L.L.P. by Barry W. Dowd, Monroe, Counsel for Defendant-Appellee Southern Farm Bureau Casualty Inc. Co.
Before STEWART, GASKINS and KOSTELKA, JJ.
GASKINS, J.
On September 17, 1993, the plaintiffs, Nora E. Bridges, William C. Bridges, and Donna Scruggs, individually and on behalf of the minor, Stephanie Torres and the estate of Joshua Torres, filed a petition for damages and wrongful death arising from an automobile accident. Named as defendants were Thomas D. Wilcoxon, Sr., Thomas D. Wilcoxon, Jr., the State of Louisiana, American National Insurance Company, Southern Farm Bureau Casualty Insurance Company (Southern Farm Bureau), and State Farm Mutual Automobile Insurance Company (State Farm). The plaintiffs did not request service of process on Southern Farm Bureau or State Farm until August 1999. The insurance companies filed motions to dismiss for lack of prosecution which were granted *266 by the trial court. The plaintiffs' motions to set aside the dismissals were denied. The plaintiffs appealed. For the following reasons, we affirm the trial court judgment.

FACTS
On September 17, 1992, Nora Bridges was driving a 1988 Honda Civic southbound on U.S. Highway 425 in Morehouse Parish. She was accompanied by Stephanie and Joshua Torres, the minor children of Donna Scruggs. Thomas D. Wilcoxon, Jr. was driving a 1991 Chevrolet S 10 pickup, northbound. He pulled out to pass a car and struck Ms. Bridge's vehicle head-on. Ms. Bridges and Stephanie Torres were seriously injured and Joshua Torres was killed.
On September 17, 1993, Ms. Bridges and her husband, William C. Bridges, along with Donna Scruggs, filed suit against Thomas D. Wilcoxon, Jr. and his father, Thomas D. Wilcoxon, Sr.;[1] American National Insurance Company, the Wilcoxons' insurance carrier; Southern Farm Bureau, the Bridges' uninsured/underinsured motorist carrier; and State Farm, Ms. Scrugg's insurer, seeking personal injury and property damages as well as asserting claims for loss of consortium and wrongful death. Service of process on Southern Farm Bureau and State Farm was withheld at the plaintiffs' request.[2]
On December 27, 1993, the plaintiffs submitted a supplemental and amending petition specifying that the Wilcoxons' insurer was Atlanta Casualty Company, not American National Insurance Company.
On March 1, 1995, Atlanta Casualty Company and Thomas Dewayne Wilcoxon answered the plaintiffs' petition. On April 9, 1996, Atlanta Casualty Company admitted liability up to the policy limit of $50,000.00, plus legal interest, and deposited that amount into the registry of the court, asking to be dismissed with prejudice.
On April 25, 1996, the plaintiffs filed a motion to withdraw funds which was denied on May 14, 1996, because there was no evidence of a settlement. On June 24, 1996, the plaintiffs and Atlanta Casualty Company filed a joint motion and order to allow the plaintiffs to withdraw funds from the registry of the court.
On August 16, 1996, Thomas Dewayne Wilcoxon again filed an answer to the plaintiffs' petition. On January 13, 1997, his attorney withdrew. On August 11, 1999, the plaintiffs requested service of process on Southern Farm Bureau and State Farm.
On October 21, 1999, Southern Farm Bureau filed an ex parte motion to dismiss, claiming that the plaintiffs' petition was filed in September 1993 and it was not served until August 20, 1999. The company asserted that the plaintiffs had abandoned their claims against Southern Farm Bureau by failing to take any steps toward it in the prosecution of the matter within the applicable time period. On October 25, 1999, the order of dismissal was signed by the trial court. On November 12, 1999, *267 the plaintiffs filed a motion and order contesting the ex parte motion to dismiss.
On November 16, 1999, State Farm filed a motion to dismiss for abandonment, also asserting that it was not served until August 20, 1999, almost six years after the original petition was filed and that no steps in the prosecution of the case had been taken against the company. This motion was granted by the trial court on the same day. On December 19, 1999, the plaintiffs filed a motion contesting the dismissal.
On May 8, 2000, a hearing was held in the trial court on the opposition to the ex parte motions for dismissal. The trial court treated the documents as motions to set aside the orders of abandonment. The court noted that the dismissals were signed by other judges of the trial court. The judge conducting the hearing refused to reverse the orders of the other judges. The plaintiffs appealed.
The plaintiffs argue that the trial court erred in refusing to set aside the dismissals for abandonment. According to the plaintiffs, the last step in the prosecution of the case was the answer filed by Thomas Dewayne Wilcoxon on August 16, 1996. The plaintiffs urge that the filing of a request for service of process on Southern Farm Bureau and State Farm within three years of the answer filed by a served defendant, qualified as a step in the prosecution of the case and was sufficient to interrupt the three-year period of abandonment as to Southern Farm Bureau and State Farm, who had not been served.

LEGAL PRINCIPLES
La. C.C.P. art. 561 provides in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action....
The policy underlying this requirement is the prevention of protracted litigation which is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The purpose of La. C.C.P. art. 561 is to dismiss actions which have been abandoned and the article provides for dismissal of those cases in which a plaintiffs inaction during the legislatively ordained period has clearly demonstrated his abandonment. Haisty v. State, Department of Transportation and Development, 25,670 (La.App.2d Cir.3/30/94), 634 So.2d 919.
The three-year period designated by the legislature balances the plaintiff's right to have his day in court with the right of the defendant to adequately defend himself. La. C.C.P. art. 561 prescribes a method of enforcing a substantive right and is therefore considered as a procedural rule of law. The 1997 change in the provision, shortening this time period *268 to three years, is to be applied retroactively. Gallagher v. Cook, 34,158 (La. App.2d Cir.12/15/00), 775 So.2d 79.
A party takes a step in the prosecution or defense of a suit when he takes formal action, before the court on the record, intended to hasten the matter to judgment. Gallagher v. Cook, supra.
La. C.C.P. art. 561 is to be liberally construed and any action or step taken to hasten the matter to judgment should be considered. The provision was not intended to dismiss those cases in which the plaintiff clearly demonstrates before the court, within the prescribed time period, that he does not intend to abandon the action. The law favors maintaining an action whenever possible so that the aggrieved party has his day in court. Wilkes v. Carroll, 32,752 (La.App.2d Cir.4/5/00), 756 So.2d 1257, writ denied, XXXX-XXXX (La.6/23/00), 765 So.2d 1043.

DISCUSSION
The issue presented is whether actions taken by the plaintiff and the defendants who had been served with process interrupted the abandonment period as to the unserved defendants. The prevalent rule in the jurisprudence provides that if all defendants are served, then steps in the prosecution by or against any of the defendants interrupt the abandonment period as to all defendants. Delta Development Company, Inc. v. Jurgens, 456 So.2d 145 (La.1984). If there is no service of process against a defendant, but steps in the prosecution of the suit are taken against that defendant, then the period of abandonment is also interrupted. Bissett v. Allstate Insurance Company, 567 So.2d 598 (La.1990); Landry v. Thomas, 422 So.2d 513 (La.App. 4th Cir.1982), writ denied, 429 So.2d 143 (La.1983). However, if no steps are timely taken in the prosecution of a suit as to an unserved defendant, then abandonment is not interrupted as to that defendant, even if steps are taken by or against a served defendant. Murphy v. Hurdle Planting & Livestock, Inc., 331 So.2d 566 (La.App. 1st Cir.1976), writ denied, 334 So.2d 434 (La. 1976); McClure v. A. Wilbert's Sons Lumber & Shingle Company, 232 So.2d 879 (La.App. 1st Cir.1970); Bolden v. Brazile, 172 So.2d 304 (La.App. 4th Cir.1965); Wicker v. Coca-Cola Bottling Company, 418 So.2d 1378 (La.App. 5th Cir.1982), writ denied, 423 So.2d 1148 (La.1982).[3]
*269 No decision of this court has considered the precise issue presented here. In Wilkes v. Carroll, supra, this court dealt with a confusing situation in which a new suit number was assigned when an amended petition was filed in the plaintiffs' medical malpractice suit. When one defendant claimed abandonment for lack of prosecution as to one of the suits, this court cited the rule of Delta Development Company, Inc. v. Jurgens, supra, that, when any party to a lawsuit takes formal action in the trial court, it interrupts abandonment as to all parties. However, again in Wilkes as in Delta, the issue of unserved defendants was not contemplated. In fact, we observed in Wilkes that the defendants were aware that the plaintiffs were actively pursuing their lawsuit.
In the present case, State Farm and Southern Farm Bureau were not served with process until more than five years after the original suit was filed. Further, the record does not show any steps by them or against them during that time that would constitute a step in the prosecution of the case. Also, there is no showing that these parties were made aware that the plaintiffs were actively pursuing the lawsuit. Because the record fails to indicate that State Farm or Southern Farm Bureau were ever made aware of the litigation in which they were made defendants, the action taken by or against any other served defendant did not interrupt the running of the abandonment period against State Farm and Southern Farm Bureau.
We find that under the facts presented in this case, because State Farm and Southern Farm Bureau were not served with process and no steps were taken against them in the prosecution of the suit for three years following the original filing of the suit, the matter is abandoned as to them. The trial court judgment refusing to set aside the motions to dismiss is affirmed.

CONCLUSION
For the reasons stated above, we affirm the trial court ruling finding that the plaintiffs' actions against State Farm and Southern Farm Bureau are abandoned. Costs in this court are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] Later pleadings filed by the Wilcoxons show that the alleged tortfeasor is actually Thomas Dewayne Wilcoxon and his father is Thomas Wiley Wilcoxon. The junior Mr. Wilcoxon will hereinafter be referred to as Thomas Dewayne Wilcoxon.
[2] We note that Acts 1997, No. 518, amended La. C.C.P. art. 1201 to provide that service of citation shall be requested on all named defendants within 90 days of commencement of the action. The act provided that this provision applies only to suits filed on or after the effective date of the amendment, January 1, 1998, and is therefore, not applicable to this case.
[3] There appears to be some disparity in the application of this rule. The fourth circuit had previously adhered to the rule in Landry v. Thomas, supra, and Bolden v. Brazile, supra. However, in Sprowl v. Wohl, 576 So.2d 638 (La.App. 4th Cir.1991), writ denied, 580 So.2d 928 (La.1991), the Fourth Circuit found that actions taken with respect to one defendant interrupt the abandonment period as to all defendants, and "that rule of law, at least in this circuit, does not make a distinction between served and unserved defendants." The court's reasoning was based upon Delta Development Company Inc. v. Jurgens, supra. That case discussed La. C.C.P. art. 561 and held that, when any party to a lawsuit takes formal action in the trial court, it is effective as to all parties. In that case, the propounding of interrogatories to one defendant interrupted the abandonment period as to all defendants. However in Delta Development Company Inc. v. Jurgens, supra, there was no issue of unserved defendants. All defendants appear to have been served with process. The rule relied upon in Delta is in accord with that set forth in Bissettif all defendants are served, action against one defendant interrupts abandonment as to all. Such is not the case with an unserved defendant. This is a distinction not recognized in Sprowl. See also Guarino v. Pendleton Memorial Methodist Hospital, 94-1264 (La.App.4th Cir. 2/23/95), 650 So.2d 1243.

We also note that in Whalen v. Continental Casualty Company, 2000-2181 (La.App.4th Cir. 2/15/01), ___ So.2d ___, 2001 WL 166389, the Fourth Circuit originally retreated from its reasoning in Sprowl, and adopted the rule that for purposes of abandonment of a lawsuit, any steps taken to hasten a matter to judgment are ineffective as to defendants not served. The court then granted a rehearing and vacated that decision, relying largely upon its prior reasoning in Sprowl and Guarino v. Pendleton Memorial Methodist Hospital, supra.