# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-901


**MICHAEL NEAL ROLLINS**

**VERSUS**

**STATE OF LOUISIANA THROUGH THE DEPT. OF**

**PUBLIC SAFETY AND CORRECTIONS, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 115069
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Shannon J. Gremillion, and Candyce G. Perret, Judges.


**AFFIRMED.**

**Frank E. Barber**
**Attorney at Law**
**116 Field St.**
**New Iberia, LA 70560-4487**
**(337) 256-8370**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Michael Neal Rollins**

**Julius W. Grubbs, Jr.**
**Haik, Minvielle & Grubbs**
**1017 E. Dale St.**
**New Iberia, La 70562-1040**
**(337) 365-5486**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **State of Louisiana, Department of Public Safety and Corrections**

**PERRET, Judge.**

The issue is this appeal is whether the trial court properly dismissed Michael Neal Rollins' ("Plaintiff") suit against the State of Louisiana, Through the Department of Public Safety and Corrections, ("State of Louisiana") based on abandonment. For the following reasons, we affirm the trial court judgment.

**FACTS AND PROCEDURAL HISTORY:**

In September 2008, Plaintiff was incarcerated at the Iberia Parish Jail in New Iberia. On September 4, 2008, Plaintiff, along with other Iberia Parish inmates, returned to the Iberia Parish Jail after being evacuated to a correctional facility in Winn Parish on the eve of Hurricane Gustav. The State of Louisiana assisted Iberia Parish Jail officers in the transport of the inmates to and from the Winn Correctional Center. On September 11, 2008, Plaintiff was released from the Iberia Parish Jail.

On September 3, 2009, Plaintiff filed a lawsuit against Louis Ackal, in his capacity as Sheriff of Iberia Parish, the State of Louisiana, and the Corrections Corporation of America,[1] for alleged injuries he received between August 30, 2008 and September 4, 2008 while being transported from the Winn Correctional Center to the Iberia Parish Jail. Specifically, Plaintiff alleges that he sustained physical abuse by the officers while on the bus and in the parking lot of the Iberia Parish Jail.

On January 25, 2017, the State of Louisiana filed an Ex Parte Motion to Dismiss on Grounds of Abandonment, along with an affidavit signed by Julius Grubbs, Jr., alleging that there have been no filings or any steps in the prosecution or defense in this case since January 14, 2014. On that same date, the trial court

---

[1] The Corrections Corporation of America was dismissed from the lawsuit on June 13, 2011.

granted the motion and dismissed the case with prejudice on grounds of abandonment.

On February 22, 2017, Plaintiff filed a Motion to Set Aside Dismissal and Motion for Sanctions alleging that "within the past three years, specifically, on October 19, 2015[,] certain discovery materials, including interrogatories and Request for Production of Documents were served on counsel for the State of Louisiana at the time, the Office of Attorney General." As evidence in support of the Motion to Set Aside Dismissal, Plaintiff attached a copy of the U.S. Postal Service certified mail return receipt, dated October 22, 2015, and signed by Mary C. Campbell, an agent of the State who worked for the office of the Attorney General.

On April 7, 2017, the State of Louisiana filed an opposition to Plaintiff's Motion to Set Aside Dismissal whereby it stipulated that discovery was sent and received in October 2015; however, it argued that Plaintiff failed to serve all parties with the discovery as required under La.Code Civ.P. art 561(B) and that the method of service was improper. Specifically, the State of Louisiana maintained that Plaintiff failed to serve the Iberia Parish Sheriff's Office with this discovery and attached, as evidence, an affidavit of Fred Schroeder, counsel for Iberia Parish Sheriff's Office, who testified that "[t]he written discovery/interrogatories that plaintiff claims were propounded on or about October 19, 2015, were never served on my client, defendant Sheriff Louis Ackal, nor were they ever received by me as counsel for defendant Sheriff Louis Ackal."

After a hearing on April 12, 2017, the trial court denied the Motion to Set Aside Dismissal and the Motion for Sanctions. In its reasons for judgment, the trial court found that "Louis Ackal, another defendant in the matter, was not served with the discovery of October 15, 2015" and that "[i]f service [had] been made by

the plaintiff on all parties, the discovery would have been a step in the prosecution of the action and the case would not have been considered abandoned . . . ." Plaintiff filed a Motion for New Trial, which the trial court denied on June 30, 2017.

Plaintiff now appeals this final judgment alleging the following assignments of error: (1) the trial court erred in upholding the abandonment after the State of Louisiana withdrew the affidavit that was used to support the ex parte motion to dismiss; (2) the trial court erred in not considering the plethora of steps the parties took in progressing this case during the three-year period prior to the State of Louisiana filing its motion to dismiss; and (3) the trial court erred in focusing solely on the provisions of Paragraph B of La.Code Civ.P. art. 561.

**STANDARD OF REVIEW:**

This court set forth the standard of review for abandonment issues in *Margaret Fisk Munro v. British Am. Oil Producing Co.*, 16-1057, p.4 (La.App. 3 Cir. 11/8/17), _ So.3d _,_ (citations omitted) when it held that:

> [A]n appellate court considers a trial court's findings of fact as to whether a step in the prosecution or defense of a case has been taken pursuant to the manifest error standard. However, the question of whether a particular, proven fact precludes abandonment is a question of law that is reviewed by considering whether the trial court's decision was legally correct.

**DISCUSSION:**

The sole issue before this court is whether the trial court properly dismissed Plaintiff's suit against the State of Louisiana on the basis of abandonment. Louisiana Code of Civil Procedure Article 561 (emphasis added), governs abandonment and provides, in pertinent part:

> A. (1) An action . . . is abandoned when the parties
> fail to take any step in its prosecution or defense in the

3

trial court for a period of three years, unless it is a succession proceeding: . . . .

. . . .

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.

. . . .

B. Any formal discovery as authorized by this Code **and served on all parties whether or not filed of record**, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

This court recently addressed the rules governing abandonment and formal discovery in *Giglio v. State*, 17-405, pp. 3-6 (La.App. 3 Cir. 9/20/17), 227 So.3d 851, 854-56, (emphasis added), and stated as follows:

**Abandonment occurs automatically upon the passing of three years without a step being taken by either party and is effective without court order.** La. Code Civ. P. art. 561(A)(3). In this context, a "step" has long been defined as taking formal action before the court, which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice.

. . . .

Jurisprudentially, a step in the prosecution must appear in the record to ensure notice to the defendant of actions taken that interrupt abandonment. *Clark* [*v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 6 (La. 5/15/01),] 785 So.2d 779. "When any party to a lawsuit takes formal action in the trial court, it is effective as to all parties." *Delta Dev. Co., Inc. v. Jurgens*, 456 So.2d 145, 146 (La.1984). Louisiana Code Civil Procedure Article 561(B) sets forth an **exception to this formal action requirement for formal discovery that is "authorized by this Code and served on all parties, whether or not filed of record**." Codification of this exception was directly prompted by criticism from judges and commentators of the formal requirement in formal discovery, namely depositions taken with the consent of

4

both parties and in which both parties participated. *Clark,* 785 So.2d 779.

The issue before this court in *Giglio* was whether plaintiffs' request for the issuance of a subpoena duces tecum on a third party constituted a step in the prosecution to interrupt the running of abandonment when it was filed in the record but not served on opposing counsel. This court ruled that the matter was abandoned based on the fact that the letter requesting the issuance of a subpoena was properly classified as a discovery request and that "Article 561(B) requires that for a discovery request to interrupt prescription, it must be served on all parties." *Giglio*, 227 So.3d 856.

The Louisiana Supreme Court in *Guillory v. Pelican Real Estate, Inc.*, 14-1539, 14-1593, 14-1624 (La. 3/17/15), 165 So.3d 875, also cited to La.Code Civ.P. art. 561(B) for its holding that discovery not served on all parties failed to constitute a step sufficient to interrupt the abandonment period. Specifically, the supreme court stated: "[t]he record . . . indicates that on December 17, 2012, plaintiffs sent discovery to Pelican only. It is undisputed this discovery was not served on all parties. Therefore, under the plain language of La.Code Civ. P. art. 561(B), this discovery does not constitute a step in the prosecution of the action." *Id.* at 877.

Similarly, in this case, we find that the record evidences the fact that the discovery requests in question were only served on the State of Louisiana and not on the Iberia Parish Sheriff's Office. Based on *Giglio* and *Guillory*, we find that the trial court properly found that the case was abandoned, as the discovery requests were not served on all parties to the suit and thus, failed to constitute a step in the prosecution or defense of the action under La.Code Civ.P. art. 561.

Although Plaintiff argues that the Motion to Set Aside the Dismissal should have been granted once the State of Louisiana withdrew the affidavit of Julius Grubbs, Jr., that supported its Motion to Dismiss on Grounds of Abandonment, we find no merit to this argument. The Louisiana Supreme Court in *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784 specifically held that "[a]rticle 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order." Therefore, we find that abandonment occurred automatically in January 2017, when no steps had been taken in the prosecution of this matter in over three years.

Accordingly, we find that the trial court properly dismissed Plaintiff's action as abandoned and correctly denied Plaintiff's Motion to Set Aside Dismissal and Motion for Sanctions. All costs are assessed to Plaintiff, Michael Neal Rollins.

**AFFIRMED.**