399 So.2d 811 (1981)
Glenn ARMENTOR, Plaintiff-Respondent,
v.
GENERAL MOTORS CORPORATION, et al., Defendant-Relator.
No. 8368.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Liskow & Lewis, Patrick W. Gray, Lafayette, La., for defendant-relator.
Charles Brandt, Lafayette, for plaintiff-respondent.
Herman & Herman, Fred L. Herman, New Orleans, for defendant-respondent.
Before GUIDRY, DOUCET and LABORDE, JJ.
*812 LABORDE, Judge.
On April 8, 1981, we granted a writ of certiorari in this case on the application of General Motors Corporation (GMC) to review the correctness of a ruling of the district court overruling GMC's exception of improper venue.

STATEMENT OF THE CASE
This action began as a redhibition suit arising out of the sale of an allegedly defective automobile manufactured by GMC. The plaintiff, Glenn Armentor, filed suit in Lafayette Parish seeking recision of the sale, damages and attorney's fees. GMC is a foreign corporation licensed to do business in Louisiana with its principal business establishment in this state, as designated in its application to do business in this state, in Ouachita Parish. The case was removed by GMC to the United States District Court for the Western District of Louisiana on the basis of diversity of citizenship.
While the suit was pending in federal court, GMC filed an answer. Thereafter, Armentor, with leave of court, amended his petition to join as a party defendant, Benson and Gold Chevrolet, Inc. (Benson and Gold) the automobile dealership which sold the automobile to him. Benson and Gold is a Louisiana corporation with its registered office in Orleans Parish. The federal court then remanded the case to the state court because the joinder of Benson and Gold destroyed diversity. Thereafter, GMC and Benson and Gold filed exceptions of venue. Armentor then amended his petition to state a cause of action in tort, which, if successfully plead, would render venue proper in Lafayette Parish. GMC again excepted to venue, which exception was denied by the trial court holding that GMC waived its right to object to venue by filing an answer in federal court while the case was pending there.

SUPERVISORY RELIEF
The exercise of supervisory jurisdiction by appellate courts is within their plenary power. La.Const.1974, Art. 5, § 10. Appellate courts will not exercise such jurisdiction unless an error in the trial court's ruling will cause petitioner irreparable harm or an ordinary appeal will not afford an adequate remedy. Supervisory Powers of the Louisiana Courts of Appeal, Albert Tate, Jr., 38 Tul.L.Rev. 429.

ON THE MERITS
Objections to venue are waivable defenses which must be raised through the declinatory exception. LSA-C.C.P. Art. 925. The declinatory exception must be pleaded prior to answer or judgment by default. LSA-C.C.P. Art. 928. All objections which may be raised by the declinatory exception except the court's lack of jurisdiction over the subject matter of the action are waived by a general appearance unless the objection is pleaded therein. LSA-C.C.P. Art. 925.
The issue presented is whether the state court erred in recognizing the answer filed by GMC in federal court and thereafter holding that GMC had waived its right to subsequently raise the declinatory exception of improper venue in state court.
Although there has been little jurisprudence generated by this precise issue, we find as authoritative the principle espoused in Bolden v. Brazile, 172 So.2d 304 (La.App. 4th Cir. 1965). In Bolden the court stated:
"Where a remand to the state court is based on want of jurisdiction on the part of the federal court, it is for the state court to determine what effect shall be given to pleadings filed in the federal court while the case was pending in the latter tribunal. Ayres v. Wiswall, 112 U.S. 187, 5 S.Ct. 90, 28 L.Ed. 693; Broadway Ins. Co. v. Chicago G. W. Ry. Co., C. C., 101 F. 507; Trinity Universal Ins. Co. v. Robinson, 227 Ark. 482, 299 S.W.2d 833; Tracy Loan & Trust Co. v. Mutual Life Ins. Co., 79 Utah 33, 7 P.2d 279; Citizens' Light, Power & Tel. Co. v. Usnik, 26 N.M. 494, 194 P. 862; 76 C.J.S. Removal of Causes § 313."
Applying the above principle to the facts here presented, the state court, upon remand from the federal court for want of jurisdiction in the federal court, determined that it would recognize the answer GMC *813 filed in federal court. The state court then proceeded to give the answer filed in federal court the same effect that it would give to an answer filed in state court, i. e., the filing of the answer precluded the defendant's right to thereafter raise the declinatory exception of improper venue. This treatment of the answer filed in federal court as equivalent in substance to an answer filed in state court is likewise supported by the Bolden case, supra.
Therefore, we hold the GMC's contentions of trial court error regarding the treatment of its answer lack merit.
Also without merit are the arguments advanced by GMC complaining of various alleged trial court errors suffered by its co-defendant, Benson and Gold. Any alleged errors that may have been suffered by Benson and Gold are simply not before this court for reason that it has not chosen to apply for writs.
For the above and foregoing reasons the writ of certiorari issued herein on April 8, 1981 is hereby vacated and set aside and the judgment of the Fifteenth Judicial District Court overruling General Motors Corporation's exception of improper venue is affirmed at defendant-relator's costs.
WRIT VACATED AND SET ASIDE; JUDGMENT OVERRULING EXCEPTION OF IMPROPER VENUE AFFIRMED.