544 So.2d 1259 (1989)
Gladis Ondina Aguilera deReyes, as Widow and Personal Representative of the Estate of Jorge Alberto REYES,
v.
MARINE MANAGEMENT & CONSULTING, LTD., et al.
No. 89-C-0835.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1989.
Bruce C. Waltzer, Paul S. Weidenfeld, Waltzer & Bagneris, New Orleans, for plaintiff-respondent.
Robert H. Murphy, Douglas L. Grundmeyer, William A. McLellan, Chaffe, Mc Call, Phillips, Toler & Sarpy, New Orleans, for defendants-relators.
Before SCHOTT, C.J., and LOBRANO and WARD, JJ.
SCHOTT, Chief Judge.
We granted certiorari in order to determine the validity of the trial court's judgment overruling relators' declinatory exceptions of lack of personal jurisdiction. The trial court held that relators waived their rights to except to such after having filed an answer, even though coupled with the special defense of lack of personal jurisdiction, while the action was pending in federal court.
*1260 This matter arises out of an action filed by plaintiff Gladis Ondina Aguilera deReyes, individually, and on behalf of the estate of Jorge Reyes, in Civil District Court for the Parish of Orleans, seeking damages under the Jones Act and general maritime law for the death of Jorge Reyes while on the high seas.
Named as defendant was Manby Shipping, Inc., the owner of the vessel upon which the decedent was killed. Also named as a defendant was Wallem Shipmanagement, Ltd., which services and repairs marine vessels. These defendants successfully filed a petition for removal of the action to the United States District Court for the Eastern District of Louisiana. Pending disposition in federal court, defendants Manby and Wallem each filed an answer to plaintiff's petition for damages, coupled with the special defense of lack of personal jurisdiction, as permitted under Rule 12(b) of the Federal Rules of Civil Procedure.
Thereafter, plaintiff filed a motion to remand to state court for want of jurisdiction in federal court and the motion was granted. Once again within the jurisdiction of the state court, defendants Manby and Wallem excepted to the court's exercise of personal jurisdiction over them. The trial court conducted a hearing and, without addressing the actual merits of the exceptions, concluded that each defendant had waived its right to raise the declinatory exception of lack of personal jurisdiction in state court by filing answers in federal court.
The trial court's ruling was based on state procedural law which provides that unless declinatory exceptions are filed prior to the filing of an answer, the exception is deemed to have been waived. Plaintiff argues that the trial court correctly gave effect to the answer filed by defendants in federal court even though it was coupled with their objection to jurisdiction pursuant to federal procedural law. In support of this proposition, plaintiff cites Armentor v. General Motors Corp., 399 So.2d 811 (La. 3rd Cir.1981). In Armentor, the court held that the defendant waived its right to except to venue in state court because defendant had answered the suit while it was pending in federal court. The filing of the answer constituted a waiver of the declinatory exception of improper venue. Armentor is distinguishable from the case at hand because Armentor did not involve a defendant which legally exercised its option to assert special defenses in its responsive pleading.
Relators each filed a responsive pleading coupled with a special defense of lack of personal jurisdiction pursuant to Rule 12(b) of the Federal Rules of Civil Procedure which provides that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." A party who properly avails himself of such a procedural device while his case is pending in federal court should not be penalized upon remand to the state court because of procedural pleading differences between state and federal courts.
Accordingly, the judgment of the trial court overruling the exceptions on the basis of waiver is reversed and set aside and the case is hereby remanded for a determination of the merits of relators' exceptions of lack of personal jurisdiction.
REVERSED AND REMANDED.