900 So.2d 179 (2005)
Denise LEWIS, Individually and on Behalf of her Minor Child, Bryan Joseph Lewis; Joanna Jones, Individually and on Behalf of her Minor Children, Brinton Jones, and Britney Jones; Avona Dorsey, Individually and on Behalf of her Minor Children, et al.
v.
TRANSOCEAN TERMINAL OPERATORS, INC.
No. 2004-CA-0476.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 2005.
David W. Bernberg, New Orleans, LA, for Plaintiffs/Appellees.
Kent B. Ryan, Lemle & Kelleher L.L.P., New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge LEON A. CANNIZZARO, JR., Judge ROLAND L. BELSOME).
PATRICIA RIVET MURRAY, Judge.
Defendants, MEMCO Barge Line, Inc., MEMCO Barge Line 1998 Trust, and Continental Insurance Company [hereinafter collectively referred to as "MEMCO"], appeal the trial court's denial of their exception *180 of improper venue. For the reasons that follow, we reverse and remand.

FACTS AND PROCEEDINGS BELOW
This wrongful death lawsuit, brought on behalf of seven minor children of the decedent, Bryan Walker, was originally filed against Transocean Terminal Operators, Inc. ["Transocean"] on January 21, 2000, in the Civil District Court for the Parish of Orleans. On February 16, 2000, before Transocean answered, the plaintiffs filed a supplemental and amending petition adding MEMCO as a defendant. On March 15, 2000, after Transocean had answered but prior to MEMCO answering, MEMCO removed the matter to the United States District Court for the Eastern District of Louisiana and filed a notice of removal in the record. The matter proceeded in federal court and was set for trial on March 8, 2001. However, prior to trial plaintiffs amended their petition adding a non-diverse defendant, and filed a motion to remand the matter to state court. The motion was granted and the case remanded on January 5, 2001. Following remand, on April 9, 2001, MEMCO filed its first pleading in state court, which was entitled "Exceptions and Answers to Plaintiffs' Original and Supplemental and Amended Petitions." The exceptions asserted included no right of action, no cause of action, and an exception that venue was improper in Orleans Parish. After hearing the exceptions, the district court, without ruling on the venue exception, granted the exception of no right / no cause of action, thereby dismissing the entire case. The plaintiffs appealed that judgment. On December 16, 2002, this court reversed and remanded the matter to the trial court.[1] The Louisiana Supreme Court denied writs March 28, 2003. Thereafter, MEMCO moved to set the exception of improper venue, which the trial court had never considered, for hearing. The trial court heard the exception on August 3, 2003, and denied it from the bench.
MEMCO now appeals the denial of its exception of improper venue.[2]

DISCUSSION OF LAW AND FACTS
In the instant case, the parties do not dispute that venue in Orleans Parish is improper. All parties acknowledge that the accident resulting in Bryan Walker's death did not occur in Orleans Parish, but in Jefferson Parish. Moreover, it is undisputed that none of the defendants is domiciled in Orleans Parish or has either its registered office or its primary place of business in Orleans Parish.[3] Therefore, the issue on appeal is purely a legal one: did MEMCO waive its right to assert an exception of improper venue in state court? The plaintiffs contend that MEMCO waived this right by failing to assert the exception earlier, either prior to or during the federal court proceedings. MEMCO, on the other hand, argues it should not be penalized for failing to assert the exception in federal court because the exception could not have been asserted there, as the venue in federal court (Eastern *181 District of Louisiana) was proper.[4] Therefore, MEMCO contends the trial court erred by denying the exception. We agree.
An objection to venue is raised by means of a declinatory exception. La. C.C.P. art. 925. The Code of Civil Procedure further provides that an objection to venue "is waived by the failure of the defendant to plead the declinatory exception timely as provided in Article 928." La. C.C.P. art. 44. Article 928 provides, in pertinent part:
A. The declinatory exception and the dilatory exception shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security of costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the confirmation of a default judgment. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.
The plaintiffs make two arguments in support of their contention that MEMCO waived its right to file the exception of improper venue. The first is based upon MEMCO's failure to timely file an answer after the suit was removed to federal court. Rule 81 of the Federal Rules of Civil Procedure provides, in pertinent part:
In a removed action in which the defendant has not answered, the defendant shall answer or present the defenses or objections available under these rules within twenty (20) days after the receipt through service or otherwise a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within twenty (20) days after after service of summons of such initial pleading, then filed, or within five (5) days after the filing of the petition for removal, whichever period is longest.
The initial pleading (plaintiffs' petition) was served upon MEMCO in state court on February 16, 2000. MEMCO did not answer, but instead removed the action to federal court on March 14, 2000.[5] MEMCO also did not answer in federal court. According to the plaintiffs' argument, MEMCO should have filed an answer, at the latest, by March 19, which was five days after removal. If MEMCO had done so, plaintiffs contend, the filing of its answer in federal court without asserting the exception of improper venue would have precluded MEMCO from asserting that exception in state court after remand. This contention is based upon the holdings of various Louisiana cases cited by plaintiffs, namely: Rivet v. Regions Bank, XXXX-XXXX (La.2/25/03), 838 So.2d 1290; Armentor v. General Motors Corporation, 399 So.2d 811 (La.App. 3d Cir.1981); deReyes v. Marine Management & Consulting, 544 So.2d 1259 (La.App. 4th Cir.1989); *182 and Bolden v. Brazile, 172 So.2d 304 (La.App. 4th Cir.1965). According to plaintiffs' argument, these cases hold that certain pleadings, including an answer, filed in federal court after removal will be given effect in state court if the case is later remanded to that court for lack of federal jurisdiction. Conversely, plaintiffs contend, MEMCO's failure to file an answer in federal court should also be given the same effect it would have had in state court, i.e., to preclude the assertion of a declinatory exception such as improper venue. Plaintiffs contend that it is unfair for MEMCO to benefit from its apparent oversight in failing to file a timely answer in federal court.
We do not find the plaintiffs' argument to be persuasive. None of the cases cited by plaintiffs compels us to hold that MEMCO waived its right to assert its venue exception, as none involve the same factual scenario presented herein. More importantly, we are not convinced that the holdings of these cases should be extended to preclude MEMCO from asserting the exception of improper venue under the circumstances of the instant case.
The primary distinction between all of the cases cited by plaintiffs and the instant case is that the prior jurisprudence concerns what effect, if any, the filing of a pleading in federal court during the removal period should have upon the rights of the party that filed the pleading if the case is subsequently remanded to state court; in the instant case, however, the issue is what effect should the state court upon remand give to MEMCO's failure to file a pleading, namely, an answer or an exception to venue, in federal court. In Bolden v. Brazile, supra, decided in 1965, this court held that the plaintiffs' filing in state court of a motion to fix for trial certain exceptions (which exceptions had been raised by the defendant as "special defenses" along with its answer in federal court prior to remand) was a "step" in the prosecution of the case that precluded abandonment. In deReyes v. Marine Management & Consulting, supra, we held that the defendant had not waived its right to file the declinatory exception of lack of personal jurisdiction after remand by filing an answer coupled with the special defense of lack of personal jurisdiction while the case was pending in federal court. In Rivet v. Regions Bank, supra, the Louisiana Supreme Court held that answers timely filed in federal court would be given effect after remand to state court, and therefore invalidated judgments of preliminary default taken against the defendants who had filed the answers. The Court expressly noted, however, that it was not deciding whether all pleadings filed in federal court would be given effect in our state courts. Rivet, supra, at p. 6, 838 So.2d at 1294. Finally, in Armentor v. General Motors Corporation, the Third Circuit held that the defendant's filing of an answer in federal court precluded that defendant from asserting an exception of improper venue in state court following remand.
Each of these cases is distinguishable from the instant situation by the fact that MEMCO did not file an answer in federal court, and, although the time to do so may have expired under federal court rules, in state court, an answer may be filed at any time prior to the confirmation of a default judgment pursuant to La. C.C.P. art. 1002. Therefore, it cannot be said that the answer was untimely when MEMCO filed it in state court accompanied by the exceptions. As MEMCO points out, other than the notice of removal, the answer was the first document it filed in the state court proceeding.
Moreover, there is an anomaly in the facts of this case that was not present in *183 any of the cited cases, except possibly the Armentor case.[6] In this case, venue was clearly improper in the state court to which the suit was remanded, Orleans Parish Civil District Court, but was clearly proper in the federal court, the United States District Court for the Eastern District of Louisiana, because both the parish where the suit was initiated and the parish where the accident occurred are within the same federal court jurisdiction, the Eastern District of Louisiana. MEMCO therefore makes a very compelling argument that even if it had timely filed an answer in federal court, it could not have legally asserted its exception to venue in federal court at that time because venue was proper there. Moreover, MEMCO could not have asserted its exception to venue in state court during the pendency of the suit in federal court because removal strips the state court of jurisdiction. We agree with MEMCO that its failure to assert an objection to venue that could not legally be asserted in federal court should not constitute a waiver of its right to assert the exception in state court after remand.
Although it involved an exception of improper venue, the Armentor court did not address the argument discussed above, and it is not clear from the facts of that case whether the same argument could have been made (that an exception to venue could not have been raised in federal court because venue was proper there).[7] Nevertheless, to the extent that Armentor can be interpreted to dictate a different result from the one we reach in the instant case, we believe it was wrongly decided.
Plaintiffs' second argument on appeal is related to their first in the sense that it relies upon essentially the same jurisprudence. The argument is that MEMCO waived its right to assert an improper venue exception after remand by filing in federal court a Motion to Dismiss for Lack of Procedural Capacity. According to plaintiffs' argument, this motion is substantively equivalent to the dilatory exception of lack of procedural capacity in a Louisiana state court; therefore, because under La. C.C.P. art. 928, a party's dilatory and declinatory exceptions must be asserted at the same time, MEMCO waived its right to assert an exception to venue by failing to assert it at the same time MEMCO filed the motion to dismiss in federal court. In response to this argument, MEMCO again emphasizes that it could not have raised an objection to venue in federal court at the same time as its other procedural objection because venue was clearly proper in federal court.[8] Moreover, under the Federal Rules of Civil Procedure, to which the parties were subject while the case was in federal court, MEMCO would have risked incurring potentially severe sanctions if it had asserted a venue defense that was not warranted under federal law.[9]
We are not persuaded by plaintiffs' argument that MEMCO waived its right to object to venue by failing to assert the objection when it filed its Motion To Dismiss *184 for Lack of Procedural Capacity. MEMCO was obligated to follow the Federal Rules of Civil Procedure while the case was in federal court and the Louisiana Code of Civil Procedure while the case was in state court. With regard to venue, the two sets of rules conflicted under the facts of the instant case. We do not believe MEMCO actions in federal court should be interpreted as a waiver of its right to object to venue under state law. In deReyes v. Marine Management & Consulting, supra, 544 So.2d at 1260, we stated:
A party who properly avails himself of a ... procedural device while his case is pending in federal court should not be penalized upon remand to the state court because of procedural pleading differences between state and federal courts.
Therefore, we find that the trial court committed legal error by denying MEMCO's exception of improper venue on the ground of waiver. Moreover, as the parties concede that venue is improper in Orleans Parish, we hold that the trial court should have granted the exception and transferred the case to a court of proper venue.

CONCLUSION
Accordingly, for the reasons stated, we reverse the judgment of the trial court, grant the exception of improper venue, and remand the matter to that court with instructions to determine which court of proper venue is the most convenient forum under the precepts of the Louisiana Code of Civil Procedure, and after so determining, to transfer the case to that forum.
REVERSED AND REMANDED.
NOTES
[1] Lewis v. Transocean Terminal Operators, Inc., XXXX-XXXX (La.App. 4 Cir. 12/11/02), 834 So.2d 1180.
[2] The denial of an exception to venue is an immediately appealable ruling because of the potential for irreparable harm. La.Code Civ. Pro. art.2083; Scarbrough v. J. Ray McDermott, 833 So.2d 436, 440 (La.App. 4 Cir. 2002).
[3] See La. C.C.P. art.42. According to MEMCO's memorandum in support of its exception, its primary place of business is in Plaquemines Parish, two other defendants have their primary place of business in Jefferson Parish, and the remaining defendant is a foreign insurer for which venue is proper in East Baton Rouge Parish.
[4] The accident that resulted in Mr. Walker's death occurred on the Mississippi River in Jefferson Parish. Both Orleans Parish and Jefferson Parish are within the Eastern District of Louisiana.
[5] In state court, a defendant may file an answer within 15 days after service of citation on him, or within 10 days after an exception filed prior to the answer is overruled or referred to the merits, or within 10 days after service of an amended petition, or at any time prior to the confirmation of a default against the defendant. See La. C.C.P. arts. 1001 and 1002.
[6] See discussion of the Armentor decision, infra.
[7] According to the facts as recited by the Third Circuit, Armentor involved a lawsuit filed in Lafayette Parish against a foreign corporation licensed to do business in Louisiana with its principal business establishment in Ouachita Parish. The case was removed to the U.S. District Court for the Western District of Louisiana, then remanded back to the Lafayette Parish Court. The court never reached the merits of the venue issue, nor did it discuss the argument MEMCO makes herein, which apparently was not raised in that case. See 399 So.2d at 811.
[8] See 28 U.S.C. § 1391(a) and § 1441(a).
[9] See FED. R. CIV. PRO. 11.