IN THE SUPREME COURT OF MISSISSIPPI

NO. 2024-IA-00813-SCT

*BENCHMARK INSURANCE COMPANY, GENEX
SERVICES, LLC, SABRINA L. RAWSON,
STEADPOINT RISK MANAGEMENT
SOLUTIONS, LLC F/K/A ARGOS RISK
MANAGEMENT SERVICES, LLC AND
STEADPOINT INSURANCE GROUP, INC. F/K/A
ARGOS GROUP, INC.*

*v.*

*CORY HARRIS*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/25/2024 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| TRIAL COURT ATTORNEYS: | HUGH GILLON |
| | LORALEIGH CHRISTINE PHILLIPS |
| | HIAWATHA NORTHINGTON, II |
| | SAMUEL STEVEN McHARD |
| | PAUL MANION ANDERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | HIAWATHA NORTHINGTON, II |
| | HUGH GILLON |
| | LORALEIGH CHRISTINE PHILLIPS |
| | GRACE LOWERY GADOW |
| ATTORNEYS FOR APPELLEE: | SAMUEL STEVEN McHARD |
| | PAUL MANION ANDERSON |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 12/11/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.    This interlocutory appeal presents one issue—does a defendant waive its objection to

venue if it tries—and fails—to have the case removed to federal court before it moves to transfer venue once back in state court? Under this specific circumstance, we hold the defendant does not waive venue if it raises its objection at the first opportunity in state court.

¶2. That is what happened here. Before filing its post-remand motion to transfer venue from Hinds County Circuit Court to Rankin County Circuit Court, Benchmark did file in federal court both a notice of removal and a motion to dismiss. And neither of those filings contained a venue objection. But Benchmark could not have asserted its venue objection, which is based on a Mississippi statute, in those federal filings. Because the case was in federal court, Benchmark's claim that Rankin County, instead of Hinds County, was the proper state circuit court venue was irrelevant. The federal court to which Benchmark removed the case—the United States District Court for the Southern District of Mississippi—encompassed both state-court venues.

¶3. Once the case was remanded to state court—without Benchmark yet filing an answer, conducting discovery, or receiving any ruling on its motion to dismiss—Benchmark filed its motion to transfer venue. Based on these specific facts, Benchmark did not waive its venue objection.

¶4. So we reverse the trial court's denial of the motion to transfer venue, which was solely based on waiver. And we remand the improper-venue issue to the Hinds County Circuit Court.

**Background Facts and Procedural History**

**I. Harris's Complaint**

2

¶5. On November 21, 2023, Harris sued his employer's workers' compensation insurance carrier, Benchmark. Harris alleged he had suffered a workplace injury working for Mississippi Concrete in Hattiesburg, Mississippi. According to the complaint, Harris had been picked up and thrown by the chute extending from a concrete-delivery truck. Harris claimed he suffered a traumatic brain injury from the accident.

¶6. At the time of injury, Harris's employer maintained a workers' compensation insurance policy through Benchmark. Benchmark's third-party administrator, Steadpoint Risk Management, LLC, was assigned to handle Harris's claim. And Steadpoint contracted with Genex Services, LLC, to provide a nurse case manager to assist arranging Harris's medical treatment. Genex assigned Sabrina Rawson as Harris's nurse case manager. Harris sued Benchmark, Steadpoint, Genex, and Rawson (collectively, Benchmark). Harris claims these defendants failed to timely and properly authorize treatment for his injuries, causing them to worsen. Harris also accused Benchmark of falsifying a report depicting Harris's injuries to the Mississippi Workers' Compensation Commission (MWCC).

¶7. The corporate defendants are all nonresidents. Rawson is the only defendant that lives in Mississippi, residing in Rankin County. But Harris did not bring his suit in Rankin County. Instead, Harris filed suit in Hinds County. He asserted venue was proper under Mississippi Code Section 11-11-3(1)(a)(i) (Rev. 2019) "because a substantial amount of the Defendants' improper actions and inactions complained of involved the [MWCC] and occurred in the First Judicial District of Hinds County, Mississippi."

## II. Benchmark's Removal to Federal Court

3

¶8.     A month later, on December 19, 2023—before filing an answer or pre-answer motion—Benchmark removed the case to the United States District Court for the Southern District of Mississippi.  In the removal notice, Benchmark claimed venue was proper in the Southern District "because it is the district in which the state court action was filed."[1] Benchmark pushed for diversity jurisdiction, asserting all defendants reside in another state than Harris, except for Rawson, whom Benchmark claimed Harris improperly joined.

¶9.     Benchmark then immediately moved to dismiss the federal case, insisting Harris failed to exhaust his administrative remedies with the MWCC.  While the motion to dismiss was pending, Benchmark did not file an answer to Harris's complaint.  Neither did it engage in discovery or otherwise litigate the case.

¶10.    Harris moved to remand the case to state court.  The federal court found it lacked subject-matter jurisdiction based on Benchmark's failure to meet its "heavy burden" to show Rawson was improperly joined.  So on April 10, 2024, the district court remanded the case to the Hinds County Circuit Court without ruling on Benchmark's motion to dismiss.

###     III.     Benchmark's Motion to Transfer Venue

¶11.    Nine days later, on April 19, 2024, Benchmark filed a motion to transfer venue from Hinds County Circuit Court to Rankin County Circuit Court.  Harris opposed transfer.  He argued any venue objection was waived because Benchmark did not raise improper venue in its notice of removal or motion to dismiss filed in federal court.  Instead, Benchmark

---

[1] The United States Code directs "[a] defendant or defendants desiring to remove any civil action from a State court . . . [to] file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a).

4

waited five months to raise the issue. Harris further argued, even if Benchmark had not waived its improper-venue objection, venue was still proper in Hinds County. This was because, as Harris saw it, Benchmark fraudulently misrepresented Harris's injuries to the MWCC—which is located in Hinds County—by doctoring a report Harris first submitted to Benchmark that Benchmark then filed with the MWCC.

¶12. The circuit court found no sufficient basis to establish venue in Hinds County. Still, the circuit court rejected Benchmark's motion to transfer venue. Relying on ***Breal v. Downs Law Group***, 376 So. 3d 1221 (Miss. 2023), the circuit court found Benchmark waived its venue objection by not raising it in the federal motion to dismiss or other initial proceedings.

¶13. Benchmark petitioned this Court for permission to file an interlocutory appeal challenging the circuit court's finding venue had been waived, which this Court granted.

**Discussion**

**I. The sole issue in this interlocutory appeal is waiver.**

¶14. Before delving into the question before us—Did Benchmark waive its defense of improper venue?—we note that Harris asks this Court to bypass the waiver question altogether. On appeal, Harris does not even address Benchmark's arguments against waiver. He mentions waiver only in a footnote in his brief. And in the footnote, Harris concedes he "does not contend that waiver is the correct basis for venue in Hinds County."

¶15. Instead of arguing for the circuit court's waiver finding, Harris argues *against* the circuit court's finding that venue otherwise was not sufficiently established in Hinds County. Because in his view venue is proper in Hinds County, he asks this Court to affirm the denial

of Benchmark's motion to transfer.

¶16. But Harris did not cross-appeal the circuit court's finding that Hinds County venue was improper. And though Harris insists he did not have to cross-appeal, the principle he cites in support—that this Court will not disturb a trial court's judgment if it reached the right result, even if for the wrong reason—has only been applied to final judgments and dispositive orders. *E.g.*, *Patel v. Telerent Leasing Corp.*, 574 So. 2d 3, 6 (Miss. 1990) (appeal of final money judgment); *Tedford v. Dempsey*, 437 So. 2d 410, 418 (Miss. 1983) (appeal of child-custody-modification order); *Brocato v. Miss. Publishers Corp.*, 503 So. 2d 241, 244 (Miss. 1987) (appeal of dismissal of action). In those cases, it makes sense that this Court would not undo a final judgment and remand a case back to the trial court when this Court is confident the right result had been reached.

¶17. But here, we are dealing with something different. We are tasked with handling an interlocutory appeal that will require remand no matter which way this Court rules. For this reason, we will stick to the waiver issue—the only issue Benchmark requested us to review.

## II. Benchmark did not waive its improper-venue defense.

¶18. At first blush, the issue of waiver of improper venue appears straightforward. This Court has repeatedly stated that a failure to raise the defense of improper venue in a pre-answer motion or answer waives the defense. *Breal*, 376 So. 3d at 1224 (citing *U.S. Bancorp v. McMullan*, 183 So. 3d 833, 835 (Miss. 2016)). And here, Benchmark undeniably filed a pre-answer motion that did not raise the defense of improper venue.

¶19. But there is a material difference here—Benchmark filed that pre-answer motion *in*

6

*federal court* following removal.  This is a distinction that matters.

¶20.    Our well-settled law that one must *raise or waive* any improper-venue defense in a pre-answer motion or answer is based on Mississippi Rule of Civil Procedure Rule 12(h)(1). *E.g.*, ***Lowrey v. Will of Smith***, 543 So. 2d 1155, 1159 (Miss. 1989); ***Young v. Huron Smith Oil Co., Inc.***, 564 So. 2d 36, 39 (Miss. 1990); *see also **McMullan***, 183 So. 3d at 835-36. Under Rule 12(h)(1)(A), a "defense of . . . improper venue is waived . . . if omitted from a motion *in the circumstances described in subdivision (g)*."[2]  Miss. R. Civ. P. 12(h)(1) (emphasis added).  And under Rule 12(g), "[i]f a party makes a motion under this rule but omits therefrom any defense or objection *then available to him* which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted . . . ." Miss. R. Civ. P. 12(g) (emphasis added).  Thus, based on the plain language of subsections (g) and (h), when read together, if a defense is *not available* when a party makes a motion under Rule 12(g), then it is *not deemed waived* under Rule 12(h)(1)(A).

¶21.    Here, Benchmark made two filings before asserting an improper-venue defense in its motion to transfer.  Benchmark filed a notice of removal to the United States District Court for the Southern District of Mississippi.  And while still in federal court, Benchmark filed a second motion, seeking to dismiss for failure to exhaust administrative remedies.  So there is just one pertinent question—Was the defense of improper venue "then available" to

---

[2] Under Rule 12(h)(1)(B), an improper-venue defense is also waived "if it is neither made by a motion under this rule nor included in a responsive pleading . . . ."  This portion of Rule 12(h)(1) is not in play here.  Benchmark did make a motion under Rule 12(b).  And since it has yet to file an answer, it has not failed to include this defense in a responsive pleading.

Benchmark when it made these two filings? Benchmark contends it was not. And we agree.

¶22. Both Hinds County and Rankin County are in the Southern District. Thus, so long as the action was removed to and remained in federal court, Benchmark had no improper-venue defense. Assuming Harris's filing in Hinds County was improper, Benchmark removed the action to the exact same federal district court the case would have been removed to had Harris properly filed in Rankin County Circuit Court. So improper venue was not an available defense when Benchmark removed the case to federal court. Nor was it available when Benchmark filed its motion to dismiss for failure to exhaust administrative remedies. *See Lewis v. Transocean Terminal Operators, Inc.*, 900 So. 2d 179 (La. Ct. App. 2005) (finding venue in the federal court was proper because the original state action was filed within the federal district and because the injury occurred within the federal district).

¶23. Under the approach taken by several nearby states, Benchmark's failure to object to venue in federal court did not waive the defense in state court after remand. *E.g.*, *Ex parte Burr & Forman, LLP*, 5 So. 3d 557, 568 (Ala. 2008) (reversing a trial court's denial of venue-transfer motion and finding that a defendant could not be penalized for not raising a defense in federal court that could only be raised in state court); *Toliver v. Dallas Fort Worth Hosp. Council*, 198 S.W. 3d 444, 447-48 (Tex. App. 2006) (affirming a trial court's finding that venue had not been waived when defendants removed the case to federal court and filed an answer before the federal court remanded to state court); *Lewis*, 900 So. 2d at 183 (holding that "failure to assert an objection to venue that could not legally be asserted in federal court should not constitute a waiver of [the defendant's] right to assert the exception

8

in state court after remand"). To rule otherwise would force defendants to choose between removing a case to federal court or staying in state court to preserve an improper-venue defense. And a defendant should not have to forfeit an improper-venue claim simply because it chose to assert a federal diversity-jurisdiction claim, which ultimately proved unsuccessful. Because Benchmark, upon remand, asserted its improper-venue defense immediately when it became available in state court, no waiver occurred.

¶24. This is what distinguishes this case from this Court's ***Breal*** decision—the decision on which the Hinds County Circuit Court relied. ***Breal***, 376 So. 3d 1221. While in both cases venue questions came up following remand from federal court, the similarities end there.

¶25. ***Breal*** did not involve a post-remand claim that venue was not proper under Section 11-11-3(1)(a)(i). Instead, ***Breal*** involved a forum-selection clause. *Id.* at 1224. And in that forum-selection clause, the parties agreed that the proper forum and venue to litigate any matter relating to the disputed agreement would be in a specific state circuit court district in *Florida*. *Id.* at 1223. Obviously, Florida is outside the Southern District of Mississippi. So the defense of improper forum and venue *was* available to the ***Breal*** defendants when they moved for dismissal in federal court. *See id.*

¶26. Additionally, the defendants in ***Breal*** filed answers without mentioning the forum-selection clause. *Id.* And post-remand, the defendants engaged in a discovery dispute and filed a motion for summary judgment—also without mentioning the forum-selection clause. *Id.* In fact, the ***Breal*** defendants *did not* even bring up the forum-selection clause. Instead, it was the circuit court that *sua sponte* decided to enforce the forum-selection clause and

9

dismiss the case. *Id.* at 1223-24. But by that time, the defendants had clearly waived the forum-selection clause. *Id.* at 1223-25. None of these additional waiver-supporting circumstances are present here. So the Hinds County Circuit Court erred when it found *Breal* controlled.

¶27. Because Benchmark did not waive its improper-venue defense—but instead moved to transfer venue immediately when that defense became available upon remand from federal court—we reverse the waiver-based denial of the motion to transfer venue. And we remand Benchmark's improper-venue claim to the Hinds County Circuit Court.

¶28. **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**